UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRISTIAN TRUJILLO HERNANDEZ,

Petitioner,

v.

ANGELA DUNBAR et al.,

Respondents.

Case No. 1:26-cv-2880

Honorable Paul L. Maloney

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.16.) In an order entered on October 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on October 9, 2026, (ECF No. 4), and Petitioner filed his reply on October 15, 2026, (ECF No. 5). Respondent's response did not indicate that

Petitioner previously had a bond hearing in Immigration Court, nor did it provide a recording or transcript of such a hearing. (Resp., ECF No. 4.) However, Petitioner's reply indicated that Petitioner may have had a bond hearing in October 2026. (Reply, ECF No. 5, PageID.29, 32–33.) Accordingly, in an order entered on October 22, 2026, the Court directed Respondents to file a written response, within three business days, indicating whether Petitioner had any prior bond hearings in Immigration Court and, if a bond hearing had been held, a copy of the Immigration Court's order and a transcript or recording of the bond hearing. (ECF No. 6.) Respondents filed a supplemental response, including a recording of the October 6, 2026, bond hearing and the resulting Immigration Judge Order, on October 23, 2026, (Suppl. Resp., ECF No. 7; Recording of Oct. 6, 2026, Bond Hearing, filed on Oct. 23, 2026; Immigration Judge Order, ECF No. 7-1), and Petitioner filed a supplemental reply on October 28, 2026, (Suppl. Reply, ECF No. 8).

## II. Factual Background

Petitioner is a native and citizen of Cuba. (Pet., ECF No. 1, PageID.4.) Petitioner entered the United States on or about May 2, 2019, at which time he presented himself to a Department of Homeland Security ("DHS") officer and requested asylum. (*Id.*) Petitioner was arrested and charged as removable. (*Id.*) On July 29, 2019, Petitioner was granted bond by an Immigration Judge and released from ICE custody on or about September 3, 2019. (*Id.*, PageID.5.) In April 2020, Petitioner filed an application for asylum. (*Id.*)

On April 8, 2026, Petitioner was arrested in Essex County, New Jersey and later released on bond. (*Id.*) Upon release, Petitioner was taken into ICE custody. (*Id.*) On October 6, 2026, a § 1226 bond hearing was held, and an Immigration Judge denied Petitioner's request for bond, finding Petitioner to be a "[d]anger and alternatively a flight risk." (Immigration Judge Order, ECF No. 7-1, PageID.42.) Petitioner filed the present § 2241 petition on October 7, 2026. (Pet., ECF No. 1.)

## III. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV. Discussion

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge," *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted), and, prior to initiating this action, Petitioner had a § 1226 bond hearing in the Detroit Immigration Court, which resulted in the IJ issuing a written decision denying Petitioner's request for bond on October 6, 2026. (Immigration Judge Order, ECF No. 7-1, PageID.42.) Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth

Amendment, Petitioner did not raise any constitutional claims regarding the October 2026 bond hearing in his original petition. (*See generally* Pet., ECF No. 1.) Indeed, Petitioner first mentioned a possible October 2026 bond hearing in his reply and then addressed the bond hearing in his supplemental reply, but Petitioner did not seek leave to amend his petition. (Reply, ECF No. 5, PageID.29, 32–33; Suppl. Reply, ECF No. 8, PageID.47–49.)

Accordingly, because Respondents concede that Petitioner's detention is governed by § 1226, and because Petitioner received a § 1226 bond hearing and Petitioner did not raise any claims regarding the bond hearing itself in the petition, the Court will dismiss the action without prejudice.[1]

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 5, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

---

[1] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the October 2026 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.